UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JERRY JAMES ELLIS                                                                                    PETITIONER
ADC #078658

V.                                      No. 2:24-CV-00004-LPR-BBM

MILLIE HILL,
Lee County Circuit Clerk                                                                            RESPONDENT

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

I.   INTRODUCTION

On January 10, 2024, Petitioner Jerry James Ellis ("Ellis"), a prisoner in the East Arkansas Regional Unit of the Arkansas Division of Corrections ("ADC"), filed a *pro se* Writ of Mandamus,[1] which the Court will construe as a Petition for Writ of Mandamus.

---

[1] Ellis's filing does not mention where he is incarcerated, but ADC records revealed his current location. *See* ADC INMATE SEARCH, https://apps.ark.org/inmate_info/search.php (last visited Jan. 11, 2024).

(Doc. 1). In his Petition, Ellis alleges that he mailed a "Declaratory Judgment Legal Petition" to the Lee County Circuit Court Clerk, Millie Hill, but she did not file the petition. *Id.* at 1–3. For relief, Ellis asks this Court to "direct the Lee County Circuit Judge to have Mrs. Millie Hill file the Petitioner's Declaratory Judgment Petition." *Id.* at 3. Because this Court lacks subject-matter jurisdiction to issue a writ of mandamus to an Arkansas state court judge, the Court recommends dismissal of the Petition, without prejudice.

## II.   DISCUSSION

Ellis asks this Court to issue a writ of mandamus to a *state* court judge to initiate a *state* proceeding. This Court's authority to issue a writ of mandamus can come from either the All Writs Act, 28 U.S.C. § 1651, or the federal mandamus statute, 28 U.S.C. 1361. Before relief can be granted, however, a district court must have "subject-matter jurisdiction over the case or controversy." *United States v. Denedo*, 556 U.S. 904, 911 (2009). Here, neither statute provides a jurisdictional basis to grant Ellis's request.

The All Writs Act authorizes a federal district court to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). In deciding whether the Court can issue a writ of mandamus under 28 U.S.C. § 1651 in cases involving state court actions, the Eighth Circuit has noted, "[t]he actions of the state court are completely outside the field in which [federal courts] can make judicial review and correction." *See Middlebrooks v. Thirteenth Jud. Dist. Cir. Ct., Union Cty., El Dorado, Ark.*, 323 F.2d 485, 486 (8th Cir. 1963) (discussing 28 U.S.C. § 1651(a)). More plainly, this Court does not have existing or potential jurisdiction to issue a writ of mandamus with regard to state proceedings and cannot direct a state judicial

2

officer in the performance of his or her duties. *Id*. Accordingly, this Court lacks subject-matter jurisdiction to entertain Ellis's filing under the All Writs Act, 28 U.S.C. § 1651.

Pursuant to 28 U.S.C. § 1361, federal district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). The unnamed Lee County Circuit Judge is a state officer, not an officer of the United States or its agencies. As such, this Court does not have subject-matter jurisdiction to compel at state court judge to act under 28 U.S.C. § 1361.[2]

### III. CONCLUSION

Because this Court does not have subject-matter jurisdiction over this case, Ellis's Petition for Writ of Mandamus should be dismissed, without prejudice.

IT IS THEREFORE RECOMMENDED THAT:

1. Ellis's Petition for Writ of Mandamus (Doc. 1) be DISMISSED, without prejudice.

DATED this 19th day of January, 2024.

*[signature: Benecia Moore]*
UNITED STATES MAGISTRATE JUDGE

---

[2] It is unclear why Ellis named "Millie Hill, Lee County Circuit Clerk" as Respondent. His Petition requests an order, directing an unnamed Lee County Circuit Judge to act. To the extent Hill seeks a writ of mandamus against Millie Hill, the Court lacks subject-matter jurisdiction over that claim, as well.